

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2002

# USA v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3532

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Samuels" (2002). *2002 Decisions.* Paper 746.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/746

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 01-3532

UNITED STATES OF AMERICA

v.

CHARLES SAMUELS,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: The Honorable John R. Padova
(D.C. Criminal No. 00-023-03)

Submitted Under Third Circuit L.A.R. 34.1(a)
October 29, 2002

Before: SLOVITER, FUENTES, and DEBEVOISE*, Circuit Judges

(Opinion Filed: November 18, 2002)

OPINION OF THE COURT

---

*Honorable Dickinson R. Debevoise, United States District Judge for the District
of New Jersey, sitting by designation.

FUENTES, Circuit Judge:

On December 20, 2000, a jury convicted Charles Samuels of conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951, interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951, and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) and 2(a). All of these convictions arose from a robbery of an armored car. On September 20, 2001, Samuels was sentenced to 270 months imprisonment. Counsel for Samuels filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), expressing his belief that Samuels could not raise any non-frivolous issues for our review, and directing us, as is required under Anders, to the one issue that he felt Samuels might raise on appeal. Samuels filed a *pro se* brief, which raises three additional issues.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Finding no merit in the potential issues raised by counsel or the issues raised by Samuels, and finding, on independent review, no arguably non-frivolous issues in the record, we will affirm and grant counsel's motion to withdraw.

Counsel claims that Samuels could argue that the government presented insufficient evidence to support the jury's verdict as to the offense of use of a firearm during a crime of violence. This Court "must sustain the verdict of a jury if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision." United States v. Carr, 25 F.3d 1194, 1201 (3d Cir. 1994) (quoting United States v. Casper, 956 F.2d 416, 421 (3d Cir. 1992)). In order for a defendant to be guilty of a violation of 18 U.S.C. § 924(c)(1), the government must demonstrate "active employment" of a firearm,

2

which "includes brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm." Bailey v. United States, 516 U.S. 137, 148 (1995).

At trial, the government presented testimony from multiple witnesses regarding the active employment of a firearm during the robbery of the armored car. Walter Panko, one of the armored car guards, testified that he observed a male, later identified as Samuels by one of the co-defendants in the case, holding his partner's gun to his partner's back. A second male, later identified as co-defendant Carlton Clark, took Panko's gun and pointed it at Panko as the guard attempted to go to the aid of his partner. James Stratz, the other armored car guard, testified that someone placed an arm around his neck, bent him backwards, and told him to "give it up." He felt what he believed to be a gun in his back, and when he went to grab his service pistol, he realized it was gone. Co-defendant Terrell Burnside, the driver of the getaway car, testified that Samuels and Clark took the armored car guards' guns and their bags of money during the robbery. Clark also testified that he grabbed the gun and the money bags from the second guard. Finally, Clark testified that, when he entered the getaway car, he saw Samuels sitting inside with a gun and what appeared to be another money bag. We find that these facts establish the use, or active employment, of firearms during the course of the robbery of the armored car, and, as a result, decline to overturn the jury's verdict.

As mentioned above, Samuels filed a *pro se* brief with this Court raising three additional issues: a challenge to counsel's effectiveness, a claim that the government failed to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and an

allegation of prosecutorial misconduct.

Generally, we decline to entertain ineffective assistance of counsel states on direct appeal. See, e.g., United States v. Rieger, 942 F.2d 230, 235-36 (3d Cir. 1991). Samuels has raised no reason for us to depart from that practice. If Samuels wishes to pursue this issue, he must raise it in a proceeding under 28 U.S.C. § 2255.

We also reject his claim of a Brady violation. In his brief, Samuels claims that "the evidence would have been favorable to the appellant since it would have placed him outside the scope of the initial robbery and his involvement in a later phase." However, he fails to identify any specific evidence that the government failed to produce and to explain how the production of this evidence would have resulted in a different verdict.

Finally, we conclude that the government's conduct at trial did not rise to the level of prosecutorial misconduct. At trial, co-defendant Clark testified that Samuels was incarcerated.[1] Samuels claims that the government intentionally elicited this prejudicial testimony. Burnside mentioned that Samuels was incarcerated in response to a question regarding what Samuels planned to do with the proceeds from the robbery. After an objection and a sidebar conference, the prosecutor never returned to the matter. Burnside's answer appears to have been unresponsive to the prosecutor's question and there is no evidence that the prosecutor intended to elicit testimony regarding the incarceration of Samuels. In addition, given the amount of evidence presented by the government,

---

[1] In fact, co-defendant Burnside testified to this fact.

Burnside's testimony did not affect the fairness of the trial.

Accordingly, for the reasons stated above, we affirm the judgment of the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge